Jaspal SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05-72864.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**660**

Inna Lipkin, Esq., Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaret A. O'Donnell, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, McKEOWN, and GOULD, Circuit Judges.

### MEMORANDUM **

Jaspal Singh, a native and citizen of India, petitions for review of the dismissal by the Board of Immigration Appeals ("BIA") of his appeal from an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Acewicz v. INS*, 984 F.2d 1056, 1061 (9th Cir.1993), and we deny the petition.

Assuming *arguendo* that Singh testified credibly, established that he suffered past persecution, and was entitled to a presumption of a well-founded fear of future persecution, the BIA concluded that the government rebutted this presumption by showing by a preponderance of the evidence that there has been a fundamental change in circumstances in India such that Singh no longer has a well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b)(1). The BIA's analysis of how changed country conditions affected Singh's specific situation was sufficiently individualized to provide substantial evidence for its conclusion that Singh failed to establish eligibility for asylum. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998–99 (9th Cir.2003).

It follows that Singh did not satisfy the more stringent standard for withholding of removal. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000). Substantial evidence also supports the BIA's denial of CAT relief because Singh failed to establish that it is more likely than not that he will be tortured if returned to India. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

To the extent that Singh is challenging the IJ's adverse credibility determination, that issue is not properly before us as the BIA declined to incorporate the adverse credibility portion of the IJ's decision as its own. *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir.1995).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.